UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEANNA HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SELENE FINANCE, a limited partnership company operating in the State of Idaho,<br><br>    Defendant. | Case No. 3:18-cv-557-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 3). The motion is fully briefed, and the Court finds the matter appropriate for decision without oral argument. For the reasons described below, the Court will deny Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff Leanna Howard filed a complaint against Defendant Selene Finance LP in District Court in Clearwater County, Idaho on November 16, 2018. Ms. Howard asserted claims of conversion and unjust enrichment against Selene Finance, arguing that the Defendant wrongfully negotiated a $100,400 insurance check under Plaintiff's insurance policy. Ms. Howard alleges that Selene Finance had no legal right to the

insurance proceeds, and that Selene Finance failed to respond to Plaintiff's reasonable demand for those funds. Selene Finance removed the case to this Court on December 18, 2018 on the basis of diversity jurisdiction. Selene Finance now moves to dismiss Ms. Howard's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent

---

[1] Although Selene Finance's Motion is styled "Defendant's I.R.C.P. 12(b)(6) Motion to Dismiss," both parties correctly acknowledge that the Federal Rules of Civil Procedure govern this motion, and the Court will analyze the motion under the Federal Rule.

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie Twombly in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Under Rule 12(b)(6), the Court may examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

1. **The Deed of Trust Does Not Preclude Ms. Howard's Claims for Conversion and Unjust Enrichment**

Selene Finance moves to dismiss Ms. Howard's claims of conversion and unjust enrichment on the basis that Ms. Howard has no right to recover any of the funds at issue. Dkt. 3-1 at 2. As proof, Selene Finance points to a Deed of Trust, which Plaintiff references throughout her complaint, and which Defendant attaches to its Motion to Dismiss. *See Id.* Defendant argues that the Court should consider the Deed of Trust, that

it controls the rights and obligations of the parties, and that it should prevent Ms. Howard from bringing claims for conversion and unjust enrichment in the first place. *Id.*

The Court has evaluated the Deed of Trust, but does not agree that it controls the outcome of the case. The Ninth Circuit has pointed out that at the motion to dismiss stage a district court should not assume the truth of an incorporated document if there are factual disputes about its application. *See e.g. Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). Furthermore, under Idaho law, if there is ambiguity surrounding the language of a deed of trust like the one at issue here, contract interpretation and meaning become questions of fact, not appropriate for determination at the motion to dismiss stage. *Foster v. Johnstone*, 685 P.2d 802, 806 (Idaho 1984).

As a result, although the Court *may* consider the Deed of Trust, it does not have enough facts to determine whether the Deed of Trust is still in effect. The parties disagree whether the Deed of Trust still applies following the foreclosure on January 20, 2016, and subsequent sale of the property secured by the Deed. See Dkt. 1-3 ¶10-11, Dkt. 3-1 at 1-2, Dkt. 6 at 5. Ms. Howard argues the Deed of Trust "was extinguished by the Trustee's

Deed on January 20, 2016, and the coverage period for the policy in force on that date was November 1, 2015 to November 1, 2016. Compl. at ¶¶ 10-11." Dkt. 6 at 5. Selene Finance, on the other hand, contends that the "Deed of Trust…governs these issues." Dkt 3-1 at 1-2. Whether the foreclosure sale extinguished the obligations under the Deed of Trust is a question of fact that the Court will not resolve at this stage.

### 2. The Insurable Interest Doctrine Is No Impediment to Plaintiff's Claims

Defendant Selene Finance also argues that the insurable interest doctrine bars Plaintiff's claims. Dkt. 3-1 at 5-6. The insurable interest doctrine is codified in Idaho Code Section 41-1806, which states that:

> No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.

The Idaho Supreme Court has clarified that "I.C. § 41-1806 prohibits any person from enforcing a contract of insurance against an insurer unless that person has an insurable interest in the insured property." *Holscher v. James* 124 Idaho 443, 447 (1994). Insurable interest "means any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." *Bos. Ins. Co. v. Beckett*, 91 Idaho 220, 222 (1966); I.C. § 41-1806(2). Whether a plaintiff has sufficient interest in real property to collect on an insurance policy is a fact-specific inquiry which the Court will not undertake at this stage. *See Rhead v. Hartford Ins. Co. of the Midwest,* 135 Idaho 446, 449, (2001)(examining several fact-specific "factors" at the summary judgment phase to determine whether

plaintiff had an insurable interest). Moreover, Ms. Howard may also argue (1) that the since Selene is not the insurer, it cannot rely upon the statute, and (2) that the insurance company waived any right it may have to challenge the validity of her insurable interest in the property, because they accepted her payment of a premium for the policy after the foreclosure sale. In short, there are legal and factual issues concerning the applicability of the statute which preclude dismissal of Ms. Howard's claims under the insurable interest doctrine.

### 3. Plaintiff States a Claim for Unjust Enrichment

Defendant further argues this Court should dismiss Plaintiff's claim for unjust enrichment because "the Deed of Trust precludes Plaintiff from stating a claim for relief under a quasi-contract theory" like unjust enrichment. Dkt. 3-1 at 9.[2] As the Court has noted previously, however, it will not decide whether the Deed of Trust controls at this early stage of the litigation. Therefore, the Court will not dismiss Plaintiff's claim for unjust enrichment on these grounds.

Taking the allegations stated in the complaint as true, Plaintiff states a claim for unjust enrichment. Pursuant to Idaho law, to prevail on an unjust enrichment claim, a

---

[2] Although Selene Finance raises further arguments in support of dismissal in its reply brief, the Court will not consider them here. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990) (noting that parties "cannot raise a new issue for the first time in their reply brief"); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("[i]ssues raised for the first time in a reply brief are waived."); *Calderon v. Experian Info. Sols.*, Inc., 290 F.R.D. 508, 515 (D. Idaho 2013).

plaintiff must show: "(1) a benefit conferred upon defendant by plaintiff; (2) appreciation by the defendant of the benefit; (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." *Aberdeen—Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999); *Ada Cty. Highway Dist. v. Rhythm Eng'g, LLC*, No. 1:15-CV-00584-CWD, 2016 WL 4582045, at *3 (D. Idaho Sept. 1, 2016). Plaintiff has alleged that she 1) conferred the benefit of the insurance coverage (and resulting proceeds) on Defendant, 2) that the Defendant collected that benefit from the insurance company, and 3) did so inequitably because the Defendant had not contributed to plaintiff's insurance policy and had coverage of its own. *See* Dkt. 6 at 8-9. Because Plaintiff's allegations state a plausible claim for unjust enrichment, the Court will deny Defendant's Motion to Dismiss this claim.

### 4. Plaintiff Also States a Claim for Conversion

Idaho law defines conversion as "a distinct act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with rights therein." *Med. Recovery Servs., LLC. v. Bonneville Billing & Collections, Inc.*, 157 Idaho 395, 400, 336 P.3d 802, 807 (2014). This definition of conversion "can be broken down into three elements which are required for a claim of conversion to be valid: (1) that the charged party wrongfully gained dominion of property; (2) that property is owned or possessed by plaintiff at the time of possession; and (3) the property in question is personal property." *Id.* Plaintiff's claim for conversion meets all three of these elements. Taking the facts

alleged in Plaintiff's Complaint as true, the Court finds that Plaintiff has alleged 1) that Selene Finance wrongfully negotiated a check that, 2) belonged to Ms. Howard based on her owning the insurance policy, and 3) that the $100,400 check is personal property. Dkt. 1-3 at 4; Dkt. 6 at 7-9. Plaintiff's allegations state a plausible claim that the Defendant wrongfully negotiated the insurance check at issue here, and accordingly the Court will deny Defendant's Motion to Dismiss her claim for conversion.

As noted above, Defendants argue that the Deed of Trust controls, and that as a result the personal property in question was never "owned or possessed" by Plaintiff. Dkt. 3-1 at 7. The Court has considered, and will reject any argument that the Deed of Trust controls at this stage of the litigation.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. Defendant's Motion to Dismiss (Dkt. 3) is **DENIED**.

DATED: April 4, 2019

B. Lynn Winmill
U.S. District Court Judge